Of Counsel:
SHIM & CHANG

ROY K. S. CHANG     #1733-0
*roy@shimchanglawyers.com*
HARVEY M. DEMETRAKOPOULOS #5033-0
*harvey@shimchanglawyers.com*
333 Queen Street, Suite 900
Honolulu, Hawaii     96813
Telephone No. (808)524-5803
Facsimile No. (808)538-3853

Attorneys for Plaintiff
JOVIELLE MAE CALMA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOVIELLE MAE CALMA,<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF HONOLULU,<br>a municipal corporation<br>organized and existing under<br>the laws of the State of<br>Hawaii,<br><br>        Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. CV _____<br>(Other Personal Injury Tort)<br><br>**COMPLAINT** |

## <u>COMPLAINT</u>

COMES NOW Plaintiff JOVIELLE MAE CALMA, by and through her

attorneys, Shim & Chang, and for causes of action against the

Defendant above-named alleges and avers as follows:

## THE PARTIES

1.    Plaintiff JOVIELLE MAE CALMA (hereinafter, "Plaintiff" or "Plaintiff Calma") was at all times pertinent herein a resident of the City of Vancouver, British Columbia, Canada.  At the time of her injury, Plaintiff Calma was a tourist, visiting the City and County of Honolulu, State of Hawaii.

2.    Defendant CITY AND COUNTY OF HONOLULU (hereinafter "Defendant City") is a municipal corporation organized and existing under the laws of the State of Hawaii with its principle place of business in the City and County of Honolulu, State of Hawaii, United States of America.

## STATEMENT OF JURISDICTION

3.    This lawsuit is brought under diversity jurisdiction. The Plaintiff Calma is a citizen of Canada.  Defendant City is a municipal corporation organized and existing under the laws of the State of Hawaii.  The parties are citizens of different countries.  The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. Sec. 1332.

## STATEMENT OF CLAIM

4.    Defendant City owns, maintains, and operates its Ala Moana Regional Park ("Ala Moana Park").

5.    Defendant City plants, maintains, inspects, prunes, and removes various trees throughout its Ala Moana Park.

2

6.   In addition, Defendant has located, built, and maintained a bus stop shelter on the Ala Moana Boulevard side of its Ala Moana Park, for the public to use while waiting for TheBus and as a shelter during inclement weather.

7.   Defendant City chose to locate this bus stop shelter next to a large, tall, yellow Poinciana ("Poinciana") tree.

8.   Defendant City knew or should have known that Poinciana trees have large trunks and shallow surface roots.

9.   Defendant City knew or should have known that the area of Ala Moana Park where this Poinciana tree was planted was a shallow landfill over a coral bed.

10.   Defendant City knew or should have known that Poinciana trees are susceptible to uprooting during strong winds.

11.   Defendant City knew or should have known that Poinciana trees require proper pruning prior to storms so as to reduce the risk of uprooting by strong winds.

12.   As owner of the Ala Moana Park, the trees planted in the park, and TheBus stop shelter located in the park, Defendant City owed legal duties and standards of care to anyone using this bus stop shelter, which included the following:

(a)   Defendant City must provide a bus stop shelter that's safe for bus riders to use;

(b)   Defendant City must protect users of its Ala Moana Park bus stop shelter from foreseeable injury risks;

(c)   Defendant City must take all appropriate, necessary, and adequate safety measures to prevent a foreseeable injury to users of its Ala Moana Park bus stop shelter;

(d)   Defendant City must not locate its Ala Moana Park bus stop shelter where a tree or tree branch could foreseeably fall onto it and potentially injure users of the shelter;

(e)   Defendant City must not locate its Ala Moana Park bus stop shelter next to trees which are likely to uproot during windy conditions because of shallow soil and shallow root conditions;

(f)   Defendant City must remove any trees which because of its size, nature, species, and/or condition, makes it likely to fall onto its Ala Moana Park bus stop shelter during windy conditions;

(g)   Defendant City must conduct yearly inspections of the trees growing next to its Ala Moana Park bus stop shelter;

(h)   Defendant City must inspect for conditions that could cause a tree branch to break or the tree to uproot during windy conditions and fall onto its Ala Moana Park bus stop shelter;

(i)   Defendant City must prune any tree or remove any tree branch, prior to hurricane season, that could potentially

4

uproot or break off during windy conditions and fall onto its
Ala Moana Park bus stop shelter;

(j)  Defendant City must not locate its Ala Moana Park
bus stop shelter next to a large, tall, yellow Poinciana tree
which is known to have shallow roots and which had been planted
in shallow soil;

(k)  Defendant City must trim and/or prune the canopy
of it's yellow Poinciana tree prior to hurricane season to
prevent the creation of a "sail effect" during windy conditions;

(l)  Defendant City warranted a safe bus stop shelter
for its bus riders to use;

(m)  Defendant City is not allowed to create or allow
to exist a tree nuisance that could potentially cause injury to
users of its Ala Moana Park bus shop shelter;

(n)  Defendant City must comply with all applicable
tree inspection, trimming, pruning, and removal safety
standards, standards of care, and safety rules;

(o)  Defendant City must never needlessly cause injury
to users of its Ala Moana Park bus stop shelter; and

(p)  Given a choice, Defendant City must always choose
the safest course of action to prevent injury to users of its
Ala Moana Park bust stop shelter.

13.  Defendant City created a dangerous and potential
hazardous condition when it chose to locate its Ala Moana Park

bus shop shelter next to a tall, large, yellow Poinciana tree that had been planted in shallow soil.

14.  Defendant City created a dangerous and potentially hazardous condition when it chose not to trim, prune, or remove, prior to hurricane season, the large, tall, yellow Poinciana tree that was growing next to its Ala Moana Park bus stop shelter.

15.  Defendant City chose not to prune the tall, large, yellow Poinciana tree that was more than likely to fall onto its Ala Moana Park bus stop shelter during windy conditions and potentially injure someone using the shelter.

16.  Defendant City chose not to remove the tall, large, yellow Poinciana tree that was more than likely to fall onto its Ala Moana Park bus stop shelter and potentially injure someone waiting in the shelter.

17.  Defendant City breached legal duties, standards of care, safety rules, and/or warranties, and was negligent, acted in a negligent manner, and/or created a public nuisance.

18.  As a result of Defendant City's negligence and/or creation of a public nuisance, a dangerous condition was created for users of Defendant City's Ala Moana Park bus stop shelter.

19.  On the evening of Monday, October 23, 2017, Plaintiff Calma went shopping with friends at Ala Moana Shopping Center.

20. After shopping, Plaintiff Calma and her friends walked across Ala Moana Boulevard to the Ala Moana Park, and sat in Defendant City's bus stop shelter to keep out of the rain, while waiting to catch TheBus back to their hotel in Waikiki.

21. At around 8:20 p.m., Defendant City's yellow Poinciana tree is "uplifted" by the wind and crashes onto Defendant City's Ala Moana Park bus stop shelter, collapsing its roof and support column.

22. The shelter's heavy concrete column falls onto Plaintiff Calma's legs, breaking both of them.

23. Plaintiff Calma suffers significant and permanent bodily injuries, as well as serious mental anguish and emotional distress.

24. Defendant City is vicariously liable for the acts and/or omission of its employees, agents, contractors, subcontractors, and any other entity that created and/or caused to exist this dangerous condition at Defendant City's Ala Moana bus stop shelter.

25. The actions, inactions, and/or negligent choices of Defendant City were a factual and/or legal (more than a trivial) cause of Plaintiff Calma's injuries, losses and damages.

26. Plaintiff Calma has sustained and will further sustain special and economic damages in an amount to be determined at trial.

27.   Plaintiff Calma has sustained and will further sustain general and non-economic damages in an amount to be determined at trial.

28.   The injuries to Plaintiff Calma occurred in the City and County of Honolulu, State of Hawaii.

29.   The total amount of all damages incurred by or on behalf of Plaintiff Calma is in excess of the minimum jurisdictional requirements of the Court under 28 U.S.C. Sec. 1332.

<u>**DEMAND FOR RELIEF**</u>

Plaintiff demands judgment against Defendant City as follows:

a.   General and non-economic damages as are proven at the time of trial.

b.   Special and economic damages as are proven at the time of trial.

c.   All other applicable statutory and/or common law damages.

d.   Reasonable attorneys' fees and litigation costs.

e.   Such other relief as may be deemed just and equitable under the premises.

DATED:   Honolulu, Hawaii, __December 13, 2017__.

/s/ Harvey M. Demetrakopoulos
_____
ROY K. S. CHANG
HARVEY M. DEMETRAKOPOULOS